IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REGINALD ELLISON, SR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 3:11-cv-01224 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Sharp |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is movant Reginald Ellison, Sr.'s Motion for Relief from Civil Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(3) (ECF No. 27). The motion is supported by Ellison's affidavit. The United States has filed a response in opposition to the motion, supported by an affidavit by Ellison's former counsel. The Court finds, for the reasons set forth herein, that there are no material issues of disputed fact and that an evidentiary hearing is not required. Because the record conclusively establishes that the movant is not entitled to relief, Ellison's motion will be denied.

### I.   PROCEDURAL BACKGROUND

In December 2008, Ellison was indicted on federal charges of (1) possession with intent to distribute 5 or more grams of cocaine within 1000 feet of a playground (in violation of 21 U.S.C. §§ 841(a)(1) and 860); (2) knowingly using a particular residence for the purposes of manufacturing and using controlled substances; (3) possession of a firearm in furtherance of a federal drug-trafficking crime; (4) being a previously convicted felon in possession of a firearm; and (5) being a felon in possession of ammunition. (Case No. 3:08-cr-0261 ("Criminal Case"), ECF No. 1 (indictment).)

After Judge Thomas A. Wiseman, Jr. of this Court, now retired, denied his motion to suppress the search warrant that led to his arrest, Ellison entered into a plea agreement with the United States, pursuant to which he pleaded guilty to counts 1, 2, and 4 of the indictment and agreed to the criminal forfeiture sought in the forfeiture allegation in the indictment. (Criminal Case, ECF No. 41 (plea petition and plea agreement.) In exchange for the guilty plea, the United States agreed to move to dismiss counts 3 and 5 of the indictment after sentencing and further agreed not to file an information establishing prior

convictions under 21 U.S.C. § 851. In the plea agreement, Ellison specifically acknowledged that "he ha[d] at least two prior convictions for felony drug offenses, and that he would face a sentence of mandatory life imprisonment on Count One if the United States chose to file the enhancement information provided in 21 U.S.C. § 851." (Criminal Case, ECF No. 41, at 10 (Plea Agreement ¶ 6).) The parties agreed to a sentence of 188 months, which was at the low end of the parties' estimated guidelines range applying to career offenders. Ellison waived his right to appeal his conviction or sentence or to challenge the conviction or sentence in any collateral attack, but the waiver did not apply to his right to appeal the denial of his motion to suppress or his right to bring post-conviction claims of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

Judgment was entered and Ellison, through counsel, filed a timely notice of appeal, challenging the district court's disposition of his motion to suppress. The Sixth Circuit affirmed the conviction. *United States v. Ellison*, 632 F.3d 347 (6th Cir. 2011).

On December 22, 2011, Ellison filed a timely motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Case No. 3:11-cv-1224, ECF No. 1.) In his motion, he asserted a claim of ineffective assistance of counsel based on trial counsel's alleged failure to investigate and call into question the "credibility, reliability, existence and identity of the unnamed confidential informant" whose tip provided the information used to procure the search warrant (*id.* at 17); and a claim that his guilty plea was involuntary insofar as he had decided to plead in reliance upon counsel's misrepresentation that the plea agreement preserved the right to appeal and that Ellison would assuredly prevail on direct appeal on the Fourth Amendment claim (*id.* at 18).

The Court directed the United States to file a response to the motion. The Court also appointed new counsel for Ellison and permitted counsel an extended period of time within which to meet and confer with his client, investigate his allegations, and prepare a reply pleading if he believed one was necessary. After counsel for Ellison filed a reply brief, the Court scheduled an evidentiary hearing.

The hearing was conducted on January 16, 2013. On that date, counsel for Ellison appeared before the Court and represented as follows:

> If the Court please, Isaiah Gant, Assistant Federal Public Defender, here on behalf of Mr. Reginald Ellison, who is present in open court. . . .

> Judge, Mr. Ellison has asked me to ask you to allow him a couple of days to think about this. Let me explain why. I have labored over this case, Your Honor, for quite some time, knowing that this day would come. In a brief conversation with Mr. Koshy last night, I learned two things that Mr. Ellison didn't know until last night. One of those things that he learned was that there is, in fact, a provision in the statute that says if he were to be found guilty, he, in fact, would be looking at a mandatory life sentence . . . if the enhancement was applied.
>
> . . . .
>
> One of the assertions in his Petition for Habeas Relief is that he had been misled into believing that he was looking at mandatory life. I was able to explain to him that, in fact, he was. I was able to point to the provision in the statute and read it to him. That had not been done until last night.
>
> . . . .
>
> I said to him, Mr. Ellison, look, we should not proceed. I said this to him last night; I have said that to him this morning. He is seriously thinking, Judge, about withdrawing his Petition.

(ECF No. 37, at 2–4.)

Based on counsel's request, the Court recessed briefly to allow Ellison time to confer with a family member and to further consider the implications if he proceeded with his § 2255 motion. After the recess, the parties returned to Court, and counsel for Ellison announced that, upon further consideration, his client had elected to withdraw his § 2255 motion. (*Id.* at 6.) The Court questioned Ellison directly to confirm that it was his choice to withdraw his motion. Ellison confirmed that it was. On January 16, 2013, the Court entered a written motion granting the petitioner's oral motion to withdraw and dismissing the action. (ECF No. 25.)

## II. THE CURRENT MOTION

In his present motion, filed under Rule 60(b)(3) of the Federal Rules of Civil Procedure, Ellison asks the Court to relieve him of the January 16 final order. Ellison argues in support of this motion that his motion to withdraw was "the product of misrepresentation and misconduct of the United States Attorney's Office and movant's counsel." (ECF No. 27, at 1.) More specifically, Mr. Ellison now claims that, prior to the hearing at which he withdrew his § 2255 motion, he was told by his attorney "that if he went through with the evidentiary hearing and continued his § 2255 challenge to his conviction and sentence and was successful," the United States had threatened that it would "reprosecute him for greater offenses and seek a life sentence against him." (*Id.* at 2.) He asserts that, based on these purported threats by the Assistant United States Attorney on the case, his attorney advised him to "withdraw his § 2255 motion

and be satisfied with his current sentence." (*Id.*) He allegedly withdrew his sentence based on this advice.

He argues that, as a matter of law, the prosecutor's threat was "vindictive, improper and constituted government misconduct" and was specifically in violation of clearly established federal law as articulated by the United States Supreme Court in *Blackledge v. Perry*, 417 U.S. 21 (1974), and *Moran v. Burbine*, 475 U.S. 412 (1986).

## III. DISCUSSION

Rule 60 provides, in pertinent part that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The availability of relief from judgment under Rule 60(b)(3) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). Accordingly, the party seeking relief under Rule 60(b)(3) bears the burden of showing entitlement to such relief by clear and convincing evidence. *Info–Hold*, 538 F.3d at 454.

In the affidavit in support of his motion, Ellison alleges that he was told by his attorney that "Mr. Koshy (AUSA) wanted [him] to know that if [he] did not withdraw [his] petition he [the AUSA] would seek a[] § 851 enhancement against [Ellison] and [he would] receive a mandatory life sentence." (ECF No. 27, at 7 (Affidavit ¶ 2.) Thereafter, when the movant reiterated his desire to proceed with his motion, his attorney warned him repeatedly and emphatically that the United States could and would seek a mandatory life sentence if he did not withdraw his petition. (*Id.* ¶¶ 3–4.)

There are subtle but important differences between Mr. Ellison's statements in his affidavit and his claims in the body of his motion. In the latter, he asserts his understanding that the AUSA had threatened to "reprosecute him for greater offenses and to seek a life sentence against him if he succeeded in having his conviction and sentence overturned." (ECF No. 27, at 2.) There is no actual evidence in the record to support this claim. In his affidavit, he asserts only that he was told he could be facing a mandatory life sentence if he proceeded with his motion.

Because the statement in the motion that the AUSA threatened to "reprosecute him for greater

offenses" is unsupported and inconsistent with the statement in his affidavit, and because Ellison's affidavit is entirely consistent with his attorney's statements in open court that he had warned his client that, if he proceeded with his motion, he could be facing a mandatory statutory life sentence based on the original indictment, the Court finds that Ellison has not established the need for an evidentiary hearing.

Moreover, as a matter of law, if Ellison had proceeded with his § 2255 motion and succeeded in having his plea nullified, he would have been put back in the same position he was in before he entered into plea negotiations. *See McGee v. Higgins*, CIV-06-807-R, 2007 WL 2822748 (W.D. Okla. Sept. 27, 2007) ("A petitioner who chooses to withdraw his original plea upon remand is placed back in the same position he was in prior to plea negotiations." (citing *Ricketts v. Adamson*, 483 U.S. 1, 9 (1986) (noting that, after breach of plea agreement, a defendant is "returned to the position he occupied prior to execution of the plea bargain" )). Although the United States agreed, as part of the plea agreement, not to file an information under 21 U.S.C. § 851 of prior felony drug convictions, it would not be barred from filing a § 851 information if the plea agreement were nullified. *See United States v. Jenkins*, 537 F.3d 1 (1st Cir. 2008) (no due process violation when prosecution filed 851 enhancement after defendant failed to agree to waive right to appeal, and instead pleaded guilty without a plea agreement); *United States v. Cooks*, 52 F.3d 101, 105–06 (5th Cir. 1995) ("Following Cooks' withdrawal of a previous guilty plea that would have waived any enhancement the government, under 21 U.S.C. §§ 841(b)(1)(A) and 851, gave notice of two prior narcotics convictions which subjected Cooks to the mandatory term of life imprisonment. As there is no presumption of prosecutorial vindictiveness attendant in the exercise of admittedly discretionary actions, Cooks' failure to offer any tangible evidence in support of his vindictiveness claim dooms it to failure.").

Further, as Ellison's attorney correctly stated at the January 2013 hearing, if Ellison went to trial and was convicted on count 1 of the indictment after the United States filed a § 851 information, he would face a mandatory life sentence. *See* 21 U.S.C. §§ 841(a)(1) and 860. In pertinent part, § 841 states:

> If any person commits a violation of this subparagraph or of section . . . 860 [regarding distributing or manufacturing within 1000 feet of a school or playground]. . . of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a *mandatory term of life imprisonment without release*. . . . No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

21 U.S.C. § 841(b)(1)(A). This language clearly provides that a person who is convicted of violating § 860 after having been convicted of two prior drug felonies is subject to the penalty provisions of § 841(b)(1)(A). *Cf. United States v. Jenkins*, 4 F.3d 1338, 1342 (6th Cir. 1993) (reaching same conclusion under earlier version of same statute).

Ellison does not dispute that he had at least two prior drug felony convictions prior to his being indicted in the criminal case at issue here. If he were permitted to withdraw his plea agreement, the United States would be at liberty to file a § 851 enhancement information establishing those prior felonies. If found guilty on count 1 of the indictment, he would, as a result of the enhancement information, be subject to a mandatory sentence of life without parole. There is no evidence that the AUSA's threat was vindictive or improper. Moreover, the plea agreement itself spelled out the penalty that would have applied to a finding of guilt on count 1 if the government had filed a § 851 enhancement.

Ellison has not proved with clear and convincing evidence that the United States or his former attorney engaged in fraud, misrepresentation or misconduct.

**IV.    CONCLUSION**

For the reasons set forth herein, the Rule 60 motion will be denied. An appropriate order is filed herewith.

_____
Kevin H. Sharp
United States District Judge